## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THUY UYEN NGUYEN, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-00880 |
| | § | |
| PORTABLE PRODUCT SERVICES, LP, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court is a motion for partial summary judgment filed by defendant Portable Product Services, LP ("PPS"). Dkt. 12. After considering the motion, response, reply, other relevant documents in the record, and the applicable law, the court has determined that the motion should be GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

This case is about an alleged failure to pay wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff Thuy Uyen Nguyen and 31 other named plaintiffs repaired electronics for PPS. Dkt. 8. The plaintiffs assert that they and other similarly situated individuals worked over 40 hours per week and PPS did not pay them overtime compensation. *Id.* Additionally, the plaintiffs assert that PPS did not even pay minimum wage for hours worked over 40 per week. *Id.*

On November 20, 2012, the plaintiffs filed suit in state district court in Harris County, Texas, on behalf of themselves and other similarly situated current and former employees of PPS. Dkt. 1-3. The plaintiffs asserted claims under the FLSA and the Texas Labor Code, and arguably asserted a breach of contract claim *Id.* On March 28, 2013, PPS removed the case to this court. Dkt. 1. On June 6, 2013, the plaintiffs filed their first amended complaint, in which they reassert their FLSA and

Texas Labor Code claims and provide additional allegations relating to similarly situated employees. Dkt. 8.  They also added thirteen additional named plaintiffs.[1]  *Id.*  In June and July 2013, Plaintiffs filed notices of consent to join a collective action on behalf of Hiep Tran and Long Quang Nguyen, neither of whom are named plaintiffs.  Dkts. 9, 11.

On November 26, 2013, PPS filed a motion for partial summary judgment.  Dkt. 12.  As of the filing of the motion for partial summary judgment, only Hiep Tran and Long Quang Nguyen had filed consents to join the case.  *Id.*  PPS asserts that it is entitled to summary judgment on the claims of the remaining plaintiffs as the FLSA requires plaintiffs who are asserting claims on behalf of similarly situated individuals to file notices of consent.  *Id.*  Additionally, PPS requests that to the extent the court allows these plaintiffs or opt-in plaintiffs to file consents on or after the date in which PPS filed its motion for partial summary judgment, the following eight plaintiffs should be dismissed, regardless, as their last dates of employment were more than three years ago and their claims are thus barred by the statute of limitation: Long Thanh Duong, Van Thi Thu Duong, Lee Hoa Lien (or Linda Hoa Lee), Loan Phan, Vu Huy Phan, Thuy Tien Nu Ton (or Thuy Tien Ton Nu), Quan Minh Tran, and Tuan V. Trang.  Dkts, 12, 13.

After Defendant filed its motion for partial summary judgment, Plaintiffs filed numerous consent forms on behalf of Plaintiffs.  On December 19, 2013, Plaintiffs filed 23 notices of consent for named plaintiffs.  Dkts. 16-38.  On December 23, 2013, Plaintiffs filed four more consents for named plaintiffs.  Dkts. 40-43.  On January 21, 23, and 30, 2014, Plaintiffs filed four additional consents for named plaintiffs.  Dkts. 49-50, 53-54.

---

[1]  The 31 original named plaintiffs and the thirteen additional plaintiffs added in the amended complaint will hereinafter be referred to as "Plaintiffs."

Plaintiffs argue that PPS has "disregarded the purpose and spirit of 29 U.S.C. § 256." Dkt. 44.  Plaintiffs assert that the purpose is for the unnamed plaintiffs who wish to participate in the lawsuit to identify themselves for the benefit of the defendant, which they did by filing this lawsuit.  *Id.*  As far as the plaintiffs whose claims are allegedly already barred by the statute of limitations, Plaintiffs assert that the court should give little credence to Defendant's declaration relating to the last dates of employment.  *Id.*  Plaintiffs additionally argue that they have not moved for certification of a collective action under the FLSA, and that the rules regarding normal joinder of additional plaintiffs, rather than collective actions, should apply.  *Id.*  Thus, even if the court determines that a consent is necessary for named plaintiffs in collective action lawsuits, it is not required here because there is no collective action.  *See id.*  Plaintiffs argue in the alternative that if the court deems this a representative suit, "the named Plaintiffs should not be dismiss [sic.] because more than half have already filed their consent forms."  *Id.*  As to the other half, Plaintiffs assert that "other Courts have held that a named individual who filed suit under the FLSA seeking a 'collective action' was not required to file written consents."  *Id.*

On February 24, 2014, Plaintiffs filed a stipulation of dismissal without prejudice for the following named and opt-in plaintiffs: Trang Vy Tuong, Phong Phuoc Nguyen, Vu Thanh Luu, Minh Kim Bui, Kevin Ha, Mai T. Vu, Son Van Tran, Khai Q. Tran, Tam Thanh Van, Van Tran, Ngoc My Tran, Be V. Le, Yen Duong, Hiep Tran, Vu Huy Phan, Thuy Tien Ton Nu, and Thu Van Duong.[2]  Dkt. 55.

---

[2]  Hiep Tran filed a consent to join the lawsuit, and the remaining plaintiffs requesting dismissal are named plaintiffs.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id* . "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell* , 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary

4

judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III.  Analysis

PPS argues that under the plain language of the statute, the claims of any plaintiff who failed to file a written consent with the court within two years (or three years for willful violations) of his or her employment are barred by the statute of limitations. Dkt. 12. PPS submits evidence indicating that employment of the following eight of the named plaintiffs was discontinued on or

5

before November 26, 2010, which was more than three years before the filing of the motion for summary judgment: Long Thanh Duong, Van Thi Thu Duong, Lee Hoa Lien (a/k/a Linda Hoa Lee), Loan Phan, Vu Huy Phan, Thuy Tien Nu Ton, Quan Minh Tran, and Tuan V. Trang (the "Eight Plaintiffs"). Dkt. 13. The Eight Plaintiffs had not filed consent forms as of the date the motion for summary judgment was filed.[3] PPS thus requests summary judgment in its favor against the Eight Plaintiffs. Dkt. 12. PPS also requests dismissal of the remaining plaintiffs—other than Hiep Tran and Long Quang Nguyen—because none of the other plaintiffs (other than Hiep Tran and Long Quang Nguyen) had "commenced" their claims by filing consents as of the date the motion for summary judgment was filed. *Id.* PPS requests that to the extent the court allows these other plaintiffs to file consents after the date of the motion for summary judgment, that the court rule that these plaintiffs may only recover unpaid wages for the two-year (or, in Plaintiffs prove a willful violation, three-year) period before their respective consent dates. *Id.*

Plaintiffs argue that the court should deny the motion for summary judgment because the court has never certified this case as a collective action, and it is arguably a multi-party action, not a collective action. Dkt. 44. Thus, Plaintiffs assert that the statutory provision requiring consent forms does not apply. *Id.* Additionally, Plaintiffs contend that even if this case were considered a collective action, the named plaintiffs should not be dismissed because (a) more than half filed consent forms after the motion for summary judgment was filed; and (b) Defendants acknowledged the claims notwithstanding the lack of consent forms. *Id.* With regard to the Eight Plaintiffs that

---

[3] However, a plaintiff or plaintiffs named Loan Phan filed consents on December 19, 2013 and December 23, 2013. Dkts. 22, 41. Tuan V. Trang filed a consent on December 19, 2013. Dkt. 34. Long Duong filed a consent on December 24, 2013. Dkt. 42. And Linda Hoa Lee (Lee Hoa Lien) filed a consent on January 30, 2014. Dkt. 53. Van Thi Thu Duong, Vu Huy Phan, Thuy Tien Nu Ton, and Quan Minh Tran still have not filed consents.

PPS asserts discontinued working at PPS more than three years before PPS filed its motion for summary judgment, Plaintiffs argue that the claims should not be dismissed because (1) the PPS representative that provided the affidavit verifying the employment dates of the Eight Plaintiffs does not have personal knowledge of their employment dates; and (2) PPS formed a shell company, Electronic Solutions, that paid the Eight Plaintiffs for piecework on dates after the dates listed by Defendants' representative.

**A.      Consent Requirements for FLSA Collective Actions**

Under 29 U.S.C. § 256, an FLSA claim

> shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the [FLSA] . . . it shall be considered to be commenced in the case of any individual claimant--
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action is commenced.

29 U.S.C. § 256.  This requirement ensures that "members of the class of unnamed plaintiffs who wished to participate in, and be bound by, the action identify themselves for the benefit of the defendant." *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984).  Consent is required for parties to a collective action under the FLSA, but it is not required for named plaintiffs who simply jointly file a suit under the FLSA.  *Id.*  With regard to named plaintiffs who jointly file suit, the Fifth Circuit has noted that "parties named in a suit, who have hired a lawyer to file a complaint on their behalf, have clearly indicated their consent to suit."  *Id.* (holding that the collective action requirement of written consents did not apply under the facts of that case as it  had never "evolved

7

into a collective or class action since no unnamed plaintiff ever came forward and filed a written consent to the suit").

However, if a lawsuit is filed as a collective action and not converted to an action on behalf of only the named plaintiffs, the requirement to file a consent remains intact, and courts will dismiss any named plaintiffs who have not filed consents. *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1102 (7th Cir. 2004) ("Had he made this intention clear–an intention to convert the collective action for overtime pay to an action on behalf of only the named plaintiffs–before the statute of limitations expired, he would not have lost 18 of his 21 plaintiffs."); *see also, e.g.*, *Frye v. Baptist Mem'l Hosp., Inc.*, 495 Fed. App'x 669, 2012 WL 3570657, at *8 (6th Cir. Aug. 21, 2012) (The plaintiff's "Complaint unambiguously signaled his intent to pursue a collective action under the FLSA; he needed to comply with the FLSA's written-consent requirement within the statute of limitations."); *Lussi v. Design-Build & Eng'g, Inc.*, No. 09-23446-CIV, 2010 WL 1571158, at *1 (S.D. Fla. Apr. 20, 2010) ("Plaintiffs must either file their written consents or must proceed individually and not on behalf of others similarly situated."); *Ketchum v. City of Vallejo*, 523 F. Supp. 2d 1150, 1156 (E.D. Cal. 2007) ("[B]ecause no consent to suit form has been filed, this action has not been properly commenced. . . . As such, Plaintiff's FLSA claim is time-barred under FLSA's two-year statutory period . . . .").

**B.      Is this a Collective Action?**

Plaintiffs argue that this case is arguably not a collective action since no class has been certified.  Dkt. 44.  Plaintiffs assert that if the case is not a collective action, then it is merely a multi-party claim with no consent requirement.

8

Plaintiffs originally filed this lawsuit as a representative action.  Dkt. 1-3 (original petition) ("Plaintiffs bring this action for themselves and on behalf of PPS's current and former employees similarly situated.").  They reasserted that intention in the amended complaint, actually adding an entire section to the complaint entitled "collection action allegations."  Dkt. 8.  Then, Plaintiffs cemented the intention by filing consent forms of individuals who are not listed as named plaintiffs.[4] *See* Dkt. 9 (Hiep Tran); Dkt. 11 (Long Quang Nguyen).  Plaintiffs attempt to argue that the fact that a class has not been certified magically transforms this case into a multi-party claim.  The statute, however, plainly states that "in the case of a collective or class action *instituted* under the Fair Labor Standards Act," the suit is not considered "commenced" for the purposes of the statute of limitations until the complaint is filed *and* written consent to become a party plaintiff is filed in court.  29 U.S.C. § 256 (emphasis added).

This case was clearly instituted as an FLSA collective action.  It was already a collective action when it was filed on behalf of similarly situated employees; conditional certification does not transform a case into a collective action.  Conditional certification is a procedural step that facilitates sending notice to potential class members and "is neither necessary nor sufficient for the existence of a representative action under [the] FLSA." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) ("'[C]onditional certification does not produce a class with an independent legal status, or join additional parties to the action.  The sole consequence of conditional certification is the sending of court-approved written notice to employees, . . . who in turn become parties to a collective action only by filing

---

[4]  The court is aware that one of these individuals, Hiep Tran, voluntarily dismissed his or her claim while the motion for summary judgment was pending.  Dkt. 55 (Feb. 24, 2014).

written consent with the court."); *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (quoting *Myers*).  Because this is an FLSA collective action lawsuit, consent forms are required for all plaintiffs under the plain language of the statute.  Thus, the claims of any Plaintiffs who did not work at PPS within the three years prior to filing consents (or prior to now if they did not file consents) are time-barred.

**C.      Do Named Plaintiffs Have to File Consents?**

Plaintiffs argue that if the court deems this case a representative suit, the named plaintiffs should not be dismissed because (1) more than half have filed consent forms; (2) Defendant has acknowledged the claims of all named plaintiffs; and (3) other courts have held that a named individual who filed suit under the FLSA seeking a collective action was not required to file written consents.  Dkt. 44.  The only case Plaintiffs cite for these arguments is *Ahmed v. TJ MAXX Corp.*, 777 F. Supp. 2d 445 (E.D.N.Y. 2011).  The opinion available at the citation Plaintiffs provided involves a venue transfer issue, not an FLSA consent form issue.  *See id.*  The court believes that Plaintiffs meant to cite an unpublished opinion in the *Ahmed* case found at 2012 WL 5507329, as Plaintiffs provided a quote that is from the unpublished opinion.  However, this opinion was set aside on June 8, 2013.  *See Ahmed v. T.J. MAXX Corp.*, No. 10-CV-3609, 2013 WL 2649544 (E.D.N.Y. June 8, 2013).

In short, Plaintiffs provide no valid authority for their assertion that named plaintiffs do not need to file consent forms in FLSA collective action cases—a position that is clearly contrary to the plain language of the statute.  Because section 256 requires "written consent to become a party plaintiff [to be] filed . . . in the court in which the action is brought" in order to preserve claims, any

named plaintiffs who did not file consents within the limitations period have failed to preserve their claims.

## C.    Evidentiary Issues

In support of their motion for partial summary judgment, PPS provides the declaration of Carroll Sylvester, who is a general partner at PPS.  Dkt. 13.  After reviewing payroll records that were made at or near the time by someone with knowledge, kept in the course of regularly conducted business activity, and made as a regular practice, Sylvester determined that the date of the last pay check paid by PPS to the Eight Plaintiffs, representing the last possible day Plaintiffs worked for PPS, was, at the latest, November 12, 2009.  *Id.*  Plaintiffs challenge Sylvester's declaration, asserting that when they deposed the Sylvester, it became clear that Sylvester did not have personal knowledge of the facts stated in the declaration.  Dkt. 44.  Plaintiffs assert that PPS has therefore not met its burden with regard to its request for summary judgment against the Eight Plaintiffs.  *Id.*  PPS points out that Sylvester did not make the declaration based on personal knowledge, but on review of a business record.  Dkt. 45.

The court finds that Sylvester adequately proved up the payroll records as a business record pursuant to Federal Rule of Evidence 803(6) and proved up the absence or any additional pay records in accordance with Rule 803(7).  Sylvester did not need to have personal knowledge of the employment dates or payroll information to review and discuss the business records or lack thereof. Based on these records, the court finds that the Eight Plaintiffs' claims are all time-barred.[5]

---

[5]  In order to meet the statute of limitations, Long Thanh Duong would have had to file a claim and consent on or before November 12, 2012, Van Thi Thu Duong would have had to file a claim and consent on or before May 21, 2012, Lee Hoa Lien (or Linda Hoa Lee) would have had to file a claim and consent on or before December 4, 2011, Loan Phan would have had to file a claim and consent on or before April 29, 2013, Vu Huy Phan would have had to file a claim and consent

Plaintiffs also assert that PPS used a shell company called Electronic Solutions to circumvent paying overtime and payroll taxes and that Loan Phan and Vu Huy Phan both received paychecks from Electronic Solutions after the dates Sylvester's records showed were the last paychecks received. Dkt. 44. PPS argues that Plaintiffs have presented no evidence that would allow the court to conclude that PPS was using a shell company to circumvent having to pay overtime and that Plaintiffs' reference to Electronics Solutions records, which are not authenticated, is misplaced. Dkt. 45. The excerpts Plaintiffs present from Electronic Solutions' pay records relate to Loan Phan and Vu Huy Phan. Dkt. 44. Vy Huy Phan has subsequently dropped his or her claims. *See* Dkt. 55. As far as Loan Phan's claims, the pay period of the record from Electronic Solutions is May 23 through May 29, 2010. Dkt. 44, Ex. B. Loan Phan did not file a consent until December 19, 2013.[6] Dkt. 22. This is more than three years after the Electronic Solutions pay record. Thus, even if there were evidence that Electronic Solutions is a shell company formed by PPS to circumvent having to pay overtime, the submitted records do not raise a question of material fact as to whether Loan Phan was employed or paid by PPS *or* Electronic Solutions within three years of Loan Phan's filing of this lawsuit and filing his or her consent.

---

on or before March 4, 2013, Thuy Tien Nu Ton (or Thuy Tien Ton Nu) would have had to file a claim and consent by July 2, 2012, Quan Minh Tran would have had to file a claim and consent by November 12, 2012, and Tuan V. Trang would have had to file a claim and consent by July 2, 2012. Long Thanh Duong filed a consent on December 24, 2013. Dkt. 42. Van Thi Thu Duong, who the court assumes is the same as Thu Van Duong, has not filed a consent form. Linda Hoa Lee (Lee Hoa Lien) filed her consent on January 30, 2014. Dkt. 53. Loan Phan filed a consent on December 19, 2013 and December 23, 2013. Dkts. 22, 41. Vu Huy Phan, Thuy Tien Ton Nu (Thuy Tien Nu Ton), and Quan Minh Tran have not filed consents. Tuan V. Trang filed a consent on December 19, 2013. Dkt. 34.

[6] As noted above, there are two consent forms on file for a plaintiff named Loan Phan. If there are two Loan Phans, Plaintiffs need to file briefing clarifying this fact. As of now, the court will act on the assumption that the same individual simply filed two consent forms.

12

In sum, because this lawsuit was filed as and remains an FLSA collective action,[7] Plaintiffs were required to file consents to commence their participation in the lawsuit.  The Eight Plaintiffs did not file consents before the statute of limitations expired.  Their claims are therefore barred by the statute of limitations.  Two of the Eight Plaintiffs, Thuy Tien Ton Nu and Vu Huy Phan, voluntarily dismissed their claims prior to the filing of this order.  Dkt. 55.  PPS's motion for summary judgment on the claims asserted on behalf of the remaining six of the Eight Plaintiffs is GRANTED.  The motion is DENIED AS MOOT with respect to Thuy Tien Ton Nu and Vu Huy Phan.  With regard to the remaining Plaintiffs, while it is clear that any claims for overtime that accrued more than three years prior to the date various named plaintiffs file consent in this case are time-barred, PPS has presented no evidence about the dates of employment of the remaining plaintiffs.  Accordingly, PPS has not met its burden.  PPS's motion for summary judgment with respect to the remaining plaintiffs is therefore DENIED WITHOUT PREJUDICE.

---

[7]  While Plaintiffs' arguments in response to the motion for summary judgment imply that they intend to abandon their claims on behalf of similarly situated individuals, they have neither amended nor filed a motion to amend their complaint to remove these allegations.

## IV. CONCLUSION

PPS's motion for partial summary judgment is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to the following plaintiffs: Long Thanh Duong, Van Thi Thu Duong, Lee Hoa Lien (or Linda Hoa Lee), Loan Phan, Quan Minh Tran, and Tuan V. Trang. It is DENIED AS MOOT with respect to Vu Huy Phan, Thuy Tien Nu Ton (or Thuy Tien Ton Nu), who have both voluntarily dismissed their claims. *See* Dkt. 55. It is otherwise DENIED WITHOUT PREJUDICE.

Signed at Houston, Texas on March 4, 2014.

_____
Gray H. Miller
United States District Judge